# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Christine M. Arguello

Civil Action No. 18-cv-02800-CMA

ABIGAIL ALYNN MCCARTHY,

    Plaintiff,

v.

NANCY BERRYHILL, *Commissioner of Social Security*,

    Defendant.

## ORDER REVERSING DENIAL OF SOCIAL SECURITY DISABILITY BENEFITS AND SUPPLEMENTAL SECURITY INCOME

This matter is before the Court on review of the Social Security Commissioner's decision denying Plaintiff Abigail Alynn McCarthy's application for Social Security Disability Insurance Benefits ("DIB") under Title II and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Jurisdiction is proper under 42 U.S.C. § 405(g). Because the Administrative Law Judge ("ALJ") failed to obtain and consider the required State medical expert opinion on the issue of medical equivalency, the ALJ's Step Three determination was not based on substantial evidence. As such, the ALJ committed reversible error that requires remand.

## I.     BACKGROUND

On October 27, 2015, Plaintiff applied for both Social Security DIB pursuant to Title II of the Social Security Act and SSI under Title XVI of the Social Security Act (Doc.

# 16-6 at 2–7), claiming that she was unable to work due to disability as of May 15, 2014 (*id.*). Both claims were initially denied on January 21, 2016. (Doc. # 16-4 at 28–51.) Subsequently, Plaintiff filed a written request for a hearing on February 24, 2016, and that hearing was held on September 19, 2017, where Plaintiff was represented. (Doc. # 16-2 at 12; Doc. # 16-3 at 71–89.)

On December 11, 2017, ALJ Mark R. Dawson issued a written decision in which he denied Plaintiff's claims for DIB and SSI. (Doc. # 16-2 at 12–22.) The ALJ found that Plaintiff had "the following severe impairments: (1) [i]rritable bowel syndrome/ulcerative colitis; (2) [a]sthma; (3) [s]tatus post ventral herniorraphy repairs; and (4) [e]ndometriosis[.]" (*Id.* at 15.) However, the ALJ determined that none of these impairments, singly or in combination, met or medically equaled the severity of one of the listed impairments in the regulations. (*Id.* at 16.) The ALJ then concluded that Plaintiff retained the residual functional capacity ("RFC") to "perform sedentary work" as defined in 20 C.F.R. § 4040.1567(a) and 416.967(a), "except that she could lift/carry 5-10 pounds frequently, and 10 pounds rarely, sit for 6 hours in an 8 hour workday, and stand/walk for 4 hours in an 8 hour day[.]" (*Id.*) The ALJ also determined that Plaintiff had additional restrictions of low stress work and of no "work exposing her to unusually high levels of pulmonary irritants or to excessively hot or cold work environments." (*Id.*) Based on these findings, and Plaintiff's age, education, and work experience, although finding that Plaintiff was unable to perform her past relevant work, the ALJ concluded that she could perform jobs existing in significant numbers in the national economy. (*Id.* at 20–21.)

Thus, the ALJ concluded that Plaintiff was not disabled during the relevant time period. (*Id.* at 21.) Plaintiff appealed, and the Appeals Council denied her request for review (*Id.* at 2–5), making the ALJ's decision the final decision of the Commissioner of the Social Security Administration ("Commissioner").

## II. STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." *Campbell v. Bowen,* 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. *See Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

3

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(a)(4)(i)–(v); *see also Williams v. Bowen* 844 F.2d 748, 750–52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5 (1987). "The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy." *Id.* While the claimant has the initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts." *Hill v. Sullivan*, 924 F.2d 972, 974 (10th Cir. 1991). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Morgan v. Colvin*, 68 F. Supp. 3d 1351, 1354–55 (D. Colo. 2014) (citing *Casias v. Sec'y of Health & Human Servs.,* 933 F.2d 799, 801 (10th Cir. 1991)).

This Court's review of the ALJ's determination is limited to determining whether the ALJ's decision is supported by substantial evidence and whether the Commissioner—through the ALJ—applied the correct legal standards. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 217 (1938). It requires more than a scintilla,

but less than a preponderance. *Wall*, 561 F.3d at 1084. In reviewing the record and the arguments of counsel, the Court does not reexamine the issues de novo, *Sisco v. U.S. Dep't of Health and Human Servs.*, 10 F.3d 739, 741 (10th Cir. 1993), nor does it re-weigh the evidence or substitute its judgment for that of the Commissioner, *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006). Thus, even when some evidence may have supported contrary findings, the Court "may not displace the agency's choice between two fairly conflicting views," even if the Court may have "made a different choice had the matter been before it de novo." *Oldham v. Astrue*, 509 F.3d 1254, 1257–58 (10th Cir. 2007).

Second, in addition to the absence of substantial supporting evidence, "[f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). "There are specific rules of law that must be followed in deciding whether evidence is substantial in these disability cases." *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987).

However, not every error in evaluating evidence or applying the correct legal standard warrants reversal or remand. "Courts may not reverse and remand for failure to comply with a regulation without first considering whether the error was harmless." *Bornette v. Barnhart*, 466 F. Supp. 2d 811, 816 (E.D. Tex. 2006); *see also Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (recognizing that the Tenth Circuit has "specifically applied [the principle of harmless error] in social security disability cases"

5

and collecting cases). The standard for harmless error requires a finding that, considering the evidence before the ALJ, the Court can "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen*, 357 F.3d at 1145; *see also Armijo v. Astrue*, 385 F. App'x 789, 792 (10th Cir. 2010); *Lynn P. v. Berryhill*, No. 17-CV-212-JFJ, 2018 WL 3142937, at *3 (N.D. Okla. June 27, 2018). Where the court "can follow the [ALJ's] reasoning in conducting [its] review, and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012).

### III. DISCUSSION

Plaintiff raises four grounds of error in her appeal, some of which do not appear to have merit. However, because the Court concludes that the ALJ's finding that Plaintiffs irritable bowel syndrome/ulcerative colitis was not medically equivalent to any listed impairment is not properly supported by substantial evidence, the Court remands for further determination on that limited issue. As such, the Court limits its analysis to the ALJ's Step Three determination.

### A. RELEVANT LAW REGARDING STEP THREE

"At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition listed in the appendix of the relevant disability regulation." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (quotation marks and citations omitted). This assessment includes whether a claimant's medical impairments, "singly or in combination, meet or medically equal one of the impairments set forth in the

6

Commissioner's Listing of Impairments." *Thomas v. Colvin*, 69 F. Supp. 3d 1174, 1177–78 (D. Colo. 2014) (citing 20 C.F.R. Part 404, Subpart P, App. I). "The listings set forth medical criteria pursuant to which impairments of various bodily systems will be considered presumptively disabling." *Id.* (citing 20 C.F.R. § 404.1520(d)). If an impairment or combination of impairments is at least equal in severity and duration to the criteria in a listed impairment, medical equivalence can be found where the claimant does not have one or more of the findings specified in the Listing, but there are "other findings related to [the claimant's] impairment that are at least of equal medical significance to the required criteria." 20 C.F.R. § 404.1526(a), (b)(1)(i)–(ii).

Pertinent to this Step Three evaluation, "Social Security Rule 96-6P ("SSR 96-6P") requires the SSA to obtain the opinion of a physician or psychologist on the issue of medical equivalence." SSR 96-6P specifically provides that "longstanding policy requires that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight." SSR 96-6P, 1996 WL 374180, at *3 (July 2, 1996). "While the ALJ is responsible for deciding the ultimate legal question of whether a listing is met or equaled, **the ALJ must receive state agency doctors' judgments on the issue of medical equivalence into the record as expert opinion evidence**." *Carbajal v. Astrue*, No. 10-cv-02025-PAB, 2011 WL 2600984, at *2 (D. Colo. June 29, 2011) (quoting *Thompson-Behrend v. Astrue*, 2010 WL 1901772, at *5 (D. Utah Apr. 15, 2010), *report and recommendation adopted by* 2010 WL 1944779 (D. Utah May 11,

7

2010)) (emphasis added). "The requirement that medical equivalence be established by the opinion of a medical expert is satisfied, *inter alia*, by the signature of a State agency medical or psychological consultant on at least one of the forms typically used by the Commissioner to assess disability at the initial stages of the administrative process." *Thomas*, 69 F. Supp. 3d at 1178 (citing SSR 96-6P, 1996 WL 374180, at * 3). Of course, these State agency medical opinions must address claimant's impairments and whether her "complaints were medically equivalent" to the listings. *Id.*

When an ALJ determines that a claimant's impairment or combination of impairments does not meet or medically equates a listing in Appendix I without obtaining a medical opinion on the issue of medical equivalence, the ALJ's step three finding is not supported by substantial evidence and must be reversed. *Wells v. Colvin*, 208 F. Supp. 3d 1162, 1166–67 (D. Colo. 2016); *Thomas*, 69 F. Supp. 3d at 1178 (requiring remand so that state medical opinion can be obtained where ALJ relied on single decision maker who was not a medical professional for medical equivalence determination at Step Three, although the rest of the ALJ decision appeared sound); *Carbajal*, 2011 WL 2600984, at *3 (reversing and remanding so that the ALJ could correct error of failing to develop the record and receive medical opinion on the issue of medical equivalence). An "ALJ's failure to follow the Commissioner's own regulations, in and of itself, requires remand[.]" *Wells*, 208 F. Supp. 3d at 1167 (quoting *Wilson v. Comm'r of Social Sec.*, 378 F.3d 541, 546 (6th Cir. 2004)). Indeed, failure to obtain and consider the opinion of a medical expert on medical equivalence does not constitute harmless error because "this court is no more capable of determining—in the absence

8

of an expert medical opinion—whether plaintiff's impairment is medically equivalent to a listed impairment than is the Commissioner herself." *Id.* at 1167.

**B.     ANALYSIS**

Plaintiff argues that, as to Step Three, the ALJ's findings "fail to include sufficient findings to allow a reviewing Court to evaluate whether or not he considered the relevant Listings." (Doc. # 20 at 39–40.) "Rather than consider the relevant Listings in the claim, i.e., Listing 5.06 . . . [,] the ALJ simply made a non-specific, boilerplate statement that none of [Plaintiff's] impairments met or medically equaled any Listing." (*Id.* at 40.) She contends that the ALJ's failure to make any reviewable findings at Step Three constitutes reversible error in light of her submission of evidence that her irritable bowel syndrome/ulcerative colitis ("IBS") along with several periods of frequent hospitalizations relating to abdominal pain associated with her IBS showed that her impairment medically equaled Listing 5.06(A). (*Id.* at 40–41.)

The Commissioner responds that the "ALJ's findings at step three, combined with his findings throughout the rest of his decision [] adequately showed that [Plaintiff's] impairments did not satisfy a Listing." (Doc. # 21 at 8.) In particular, the Commissioner suggests that Plaintiff did not carry her burden to present evidence that her "inflammatory bowel disease satisfied the criteria of either paragraph A or paragraph B of Listing 5.06." (*Id.* at 9.) Further, the Commissioner focuses on whether Plaintiff's impairments matched the exact description within Listing 5.06. (*Id.* at 9–10.) Because Plaintiff's medical records and testimony, including descriptions of her hospitalizations, did not reveal an exact match with Listing 5.06, Paragraph A, the Commissioner

9

contends that the ALJ did not err in finding that her impairments "met or medically equaled a Listing." (*Id.* at 7.) Moreover, the Commissioner asserts that the ALJ's opinion is buttressed by his subsequent findings. (*Id.*)

Listing 5.06 sets forth that a claimant with inflammatory bowel disease ("IBD") attended by certain conditions is entitled to the presumption of a disability finding. 20 C.F.R. Part 404, Subpart P, App. I, § 5.06; *see also Thomas*, 69 F. Supp. 3d at 1177–78; 20 C.F.R. § 404.1520(d). Listing 5.06 provides:

> 5.06 Inflammatory bowel disease (IBD) documented by endoscopy, biopsy, appropriate medically acceptable imaging, or operative findings with:
>
> A. Obstruction of stenotic areas (not adhesions) in the small intestine or colon with proximal dilatation, confirmed by appropriate medically acceptable imaging or in surgery, requiring hospitalization for intestinal decompression or for surgery, and occurring on at least two occasions at least 60 days apart within a consecutive 6–month period[.][1]

20 C.F.R. Part 404, Subpart P, App. 1, Part A-1, § 5.06.

The ALJ determined that Plaintiff had the following severe impairments: (1) irritable bowel syndrome/ulcerative colitis; (2) asthma; (3) status post ventral herniorrhaphy repairs; and (4) endometriosis. (Doc. # 16-2 at 15–16.) However, with respect to Step Three, the ALJ also concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1[.]" (*Id.* at 16.)

---

[1] Although Listing 5.06(B) provides alternative conditions attending IBS that would entitle a claimant to a presumptive disability finding, Plaintiff does not appear to argue that her impairments reflect or medically equate the conditions set forth in Paragraph B. Thus, the Court considers only Paragraph A.

Specifically, the ALJ wrote:

> Although the claimant has "severe" impairments, her impairments, considered individually and in combination, do not meet the criteria of any listed impairments described in Appendix 1 of the Regulations (20 CFR, Subpart P, Appendix 1). No treating or examining physician has identified findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are in the same or equivalent of those of any listed impairment.

(*Id.*)

Although the claimant has the initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts." *Hill*, 924 F.2d at 974. This duty includes SSR 96-6P's requirement that the ALJ "develop the record by receiving a medical opinion on the issue [of medical equivalence]." *Carbajal*, 2011 WL 2600984, at *3. However, the ALJ's finding—that Plaintiff's IBS was not medically equivalent to any listed impairment—is not properly supported by medical evidence on the issue of medical equivalence. As such, this Court must remand for further factual development and determination on that limited issue. *Thomas*, 69 F. Supp. 3d at 117; *Wells*, 208 F. Supp. 3d at 1166; *Carbajal*, 2011 WL 2600984, at *3.

In the instant case, the ALJ failed to develop the record by receiving and considering an expert medical opinion on the issue of medical equivalence. First, the ALJ decision did not address whether he obtained the "judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before" him that he "received into the record as expert opinion evidence and

[gave] appropriate weight" before issuing his decision as to Step Three. SSR 96-6P, 1996 WL 374180, at *3.

Nor does the record show that the ALJ relied on a sufficient form bearing the signature of a State agency medical consultant that is typically used by the Commissioner to assess disability at the initial stages of the administrative process. *Thomas*, 69 F. Supp. 3d at 1178 (citing SSR 96-6P, 1996 WL 374180, at * 3). Indeed, the "Initial Disability Determination and Transmittal Form" and the "Disability Determination Explanation" form (Doc. # 16-4 at 28–51) were signed by Gayle Frommelt, Ph.D. and Single Decision Maker ("SDM") Shelby Bolas on January 20, 2016 (*id.* at 38, 50–51). However, Dr. Frommelt's review of Plaintiff's claim was limited to whether Plaintiff's **mental** impairments met or medically equaled a Listing, affected her residual functional capacity, and rendered her presumptively disabled. (Doc. # 16-2 at 15; Doc. # 16-4 at 35–51.) Dr. Frommelt's opinions do not relate to whether Plaintiff's IBS medically equaled List 5.06. Furthermore, an Initial Disability Determination and Transmittal Form signed by a SDM who is not a physician is insufficient for purposes of satisfying SSR 96-6P. *See Carbajal*, 2011 WL 2600984, at *3 (Disability Determination and Transmittal Form that was not signed by a physician was insufficient record for issue of equivalence); *Thomas*, 69 F. Supp. 3d at 1178–79 ("An SDM is not a medical professional . . . and therefore, the opinion of an SDM does not satisfy the requirement that the finding of medical equivalence be supported by the opinion of a physical or psychologist.") (citing *Elliot ex rel. Elliot v. Astrue*, No. 10-cv-01548-WYD, 2011 WL

4485907, at *5–6 (D. Colo. Sept. 28, 2011)). Therefore, these forms are insufficient to constitute the required expert medical opinion that the ALJ should have obtained.

Additionally, the Court rejects the Commissioner's argument that the ALJ's findings from Steps Four and Five justify his Step Three determination. The portions of the ALJ's opinion addressing Steps Four and Five do not explain, set forth, or reference the requisite medical expert opinion that the ALJ must consider prior to determining that Plaintiff's impairments did not medically equate to any of the Listings. (Doc. # 16-2 at 16–21.) In fact, the ALJ fails to even mention Listing 5.06. (*Id.*) Although the Commissioner requests this Court to unravel the record and applicable portions of medical evidence to reconstruct what the ALJ should have done in the first place, i.e., explain why Plaintiff's impairment or a combination of impairments did not match or medical equal a Listing, including Listing 5.06, this Court will do no such thing. Indeed, this Court "is no more capable of determining—in the absence of an expert medical opinion—whether plaintiff's impairment is medically equivalent to a listed impairment than [was] the Commissioner herself." *Wells*, 208 F. Supp. 3d at 1167. As a result, the ALJ's Steps Four and Five findings cannot support his single, conclusory, sentence that "the claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart 4, Appendix 1" because this finding is not based on substantial evidence where the ALJ failed to obtain an expert medical on the issue of equivalence. (Doc. # 16-2 at 16); *Wells*, 208 F. Supp. 3d at 1167 (finding that further development of the record is

required where the Commissioner stated "in a single, conclusory, sentence that plaintiff does not satisfy the requirements of medical equivalence").

Finally, the Court notes that the record reflects two series of hospitalizations from 2016 and 2017 that occurred prior to the ALJ's December 11, 2017 decision. (Doc. # 16-8 at 66.) Several of these hospitalizations related to abdominal pain and concerns of obstruction, which are plausibly related to Plaintiff's IBS. (Doc. # 16-22 at 51–54; Doc. # 16-23 at 23–24; Doc. # 16-24 at 30–31; Doc. # 16-28 at 29–31; Doc. # 16-31 at 27–33, 46–47.) Yet, there was no State obtained expert medical opinion as to whether these hospitalizations along with Plaintiff's IBS medically equated Listing 5.06(A) as required under SSR 96-6P. Thus, remand is required for further factual development as to the medical equivalence issue.

Accordingly, the Court remands for the limited purpose of requiring the Commissioner to obtain an opinion on medical equivalence as to Plaintiff's irritable bowel syndrome/ulcerative colitis and several spans of hospitalizations from 2016 and 2017.[2] The ALJ must weigh this expert medical evidence and explain why he or she ascribed the weight that he or she did. Although Plaintiff suggests that a directed award of benefits may be proper, the Court declines to exercise discretion in this regard as it too does not have the benefit of the required State agency medical expert opinion that

---

[2] Because Plaintiff's objection as to the ALJ's Step Three analysis is dispositive, the Court declines to address the remaining objections raised on appeal as they may be impacted by the ALJ's redetermination on remand. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand."); *Gorringe v. Astrue*, 898 F. Supp. 2d 1220, 1225 (D. Colo. 2012).

the ALJ must first weigh before determining whether Plaintiff's irritable bowel syndrome/ulcerative colitis is the medical equivalent of Listing No. 5.06(A).

## IV. CONCLUSION

For the foregoing reasons, the Court reverses the decision of the Commissioner and remands the matter for further administrative proceedings consistent with this Order.

DATED: March 26, 2020

BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge