IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-02800-CMA

ABIGAIL ALYNN MCCARTHY,

    Plaintiff,

v.

NANCY BERRYHILL, *Commissioner of Social Security*,

    Defendant.

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)**

This matter is before the Court on the Commissioner's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) (Doc. # 26). Because this Court did not err in applying Social Security Ruling ("SSR") 96-6p, and, even if SSR 17-2p applied, the Administrative Law Judge's ("ALJ") Step Three finding was nonetheless unsupported by substantial evidence, the Commissioner's Motion is denied.

**I.     BACKGROUND**

This Court's Order Reversing Denial of Social Security Disability Benefits and Supplemental Security Income (Doc. # 24) provides a thorough recitation of the factual and procedural background of this case. That Order is incorporated herein by reference, and the facts will be repeated only to the extent necessary to address the instant Motion.

On October 27, 2015, Plaintiff applied for both Social Security DIB pursuant to Title II of the Social Security Act and SSI under Title XVI of the Social Security Act (Doc. # 16-6 at 2–7), claiming that she was unable to work due to disability as of May 15, 2014 (*id.*). Both claims were initially denied on January 21, 2016. (Doc. # 16-4 at 28–51.) Subsequently, Plaintiff filed a written request for a hearing on February 24, 2016, and that hearing was held on September 19, 2017, where Plaintiff was represented. (Doc. # 16-2 at 12; Doc. # 16-3 at 71–89.) On December 11, 2017, ALJ Mark R. Dawson issued a written decision in which he denied Plaintiff's claims for DIB and SSI. (Doc. # 16-2 at 12–22.)

Plaintiff appealed, and the Appeals Council denied her request for review (*id.* at 2–5), making the ALJ's decision the final decision of the Commissioner of the Social Security Administration ("Commissioner"). On March 26, 2020, the Court reversed the ALJ's denial of social security benefits because the ALJ failed to obtain and consider a State medical expert opinion on the issue of medical equivalency as required under SSR 96-6p. (Doc. # 24 at 9–14.) Thus, the Court remanded the matter back to the Commissioner so that the Commissioner could obtain an opinion on medical equivalence as to whether Plaintiff's irritable bowel syndrome/ulcerative colitis and several spans of hospitalizations from 2016 and 2017 constituted the medical equivalent of Listing No. 5.06(A). (*Id.* at 14–15.)

On April 24, 2020, the Commissioner moved for reconsideration under Federal Rule of Civil Procedure 59(e) and requested that this Court alter or amend its judgment to affirm the ALJ's decision. (Doc. # 26 at 5.) Specifically, the Commissioner contends

that this Court erred by misapprehending the controlling law and reviewing the ALJ's decision under SSR 96-6p rather than SSR 17-2p. (*Id.* at 1–2.) The Commissioner suggests that, had the Court applied SSR 17-2p, which does not require the ALJ to obtain a medical opinion addressing medical equivalence, the ALJ's Steps Four and Five findings were sufficient to support his Step Three finding. (*Id.* at 4–5.) Thus, the Commissioner requests that the Court reconsider its decision "based on the ruling in effect at the time of the ALJ's decision[.]" (*Id.* at 2.)

On April 29, 2020, Plaintiff responded to the Commissioner's Motion (Doc. # 27) and represents that she agrees with the Commissioner that SSR 17-2p applies to the instant case (*id.* at 5). However, Plaintiff posits that the ALJ's Step Three findings are still erroneous under SSR 17-2p for the reasons set forth by the Court—that the ALJ's Steps Four and Five findings in the instant case are insufficient to show that the ALJ's Step Three findings were supported by substantial evidence. (*Id.* at 2–4.)

## II.  STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not explicitly authorize a motion for reconsideration for final judgments or interlocutory orders. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *Mantooth v. Bavaria Inn Rest., Inc.*, 360 F. Supp. 3d 1164, 1169 (D. Colo. 2019). However, regarding a final judgment, the Rules allow a litigant who was subject to an adverse judgment to file a motion to change the judgment pursuant to Rule 59(e) or a motion seeking relief from the judgment pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

There are three major grounds justifying reconsideration of an order: "(1) an intervening change in the controlling law, (2) new evidence [that was] previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). Concomitantly, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law, but such motions are "inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete*, 204 F.3d at 1012 (citing *Van Skiver*, 952 F.2d at 1243).

### III.     DISCUSSION

**A.     RELEVANT LAW**

In 2017, the Social Security Administration ("SSA") provided notice of SSR 17-2p, which became effective on March 27, 2017. SSR 17-2p, 2017 WL 3928306, at *1 (Mar. 27, 2017). SSR 17-2p "provides guidance about how adjudicators at the hearing and Appeals Council (AC) levels of the administrative review process make findings about medical equivalence in disability claims under titles II and XVI of the Social Security Act." *Id.* SSR 17-2p rescinds SSR 96-6p, which, pertinent to the instant case, eliminated the requirement for ALJs to obtain a medical opinion on the medical equivalency issue at step 3. *Id.* at *4. Additionally, ALJs need not articulate specific findings as to why medical equivalency is not met because "[a]n adjudicator's articulation of the reason(s) why the individual is or is not disabled at a later step in the

4

sequential process will provide rationale that is sufficient for a subsequent reviewer or court to determine the basis for the finding about medical equivalence at step 3." *Id.*

When SSR 17-2p was implemented, the Office of Hearings and Appeals of the SSA issued HALLEX I-5-3-30, which constitutes "instructions" that "explain why SSA revised its rules regarding the evaluation of medical evidence and when the Office of Disability Adjudication and Review (ODAR) will apply the revised rules." HALLEX I-5-3-30 (S.S.A.), 2017 WL 1362776, at *1. HALLEX I-5-3-30 is replete with inconsistencies and contradictions. On one hand, HALLEX I-5-3-30 provides that "[w]hile some of the revised rules apply in all claims, many of the most significant changes of evaluating evidence will apply only in claims filed on or after March 27, 2017." *Id.* at *2. To this end, HALLEX I-5-3-30 acknowledges that for "claim(s) filed before March 27, 2017, adjudicators must use the **prior rules** throughout the entire appeals process." *Id.* at *5 (emphasis added). On the other hand, HALLEX I-5-3-30 provides that "[w]hile the prior rules are similar to the regulations as they existed before March 27, 2017, the agency made some changes," including the rescission of SSR 96-6p. *Id.* Furthermore, HALLEX I-5-3-30 directs ALJs that "[f]or claim(s) filed before March 27, 2017, [ALJs should] cite the following authorities instead of the four rescinded SSRs: . . . SSR 17-2p." *Id.*

Unsurprisingly, federal district courts are split as to whether ALJs should apply SSR 96-6p or 17-2p to social security claims filed before March 27, 2017. Some courts rely on HALLEX I-5-3-30's statement that the "prior rules" should apply to claims filed before March 27, 2017, and hold that SSR 96-6p applies to claims filed before March 27, 2017. *See Atchley v. Berryhill*, No. CIV 15-5081-JLV, 2018 WL 1135457, at *5

(D.S.D. Feb. 28, 2018) (Viken, C.J.); *Heffner v. Comm'r*, No. 2:16-cv-820-TMC-MGB, 2017 WL 9292242, at *9 n.14 (D.S.C. Aug. 3, 2017) (noting that revised rules "apply only to applications filed on or after that date"); *Foy v. Berryhill*, No. CBD-17-2743, 2018 WL 3707837, at *6 (D. Md. Aug. 3, 2018); *O'Brien v. Comm'r*, No. 18-11546, 2019 WL 5162859, at *13 (E.D. Mich. Oct. 15, 2019) (applying SSR 96-6p, not 17-2p, to claim filed before March 27, 2017). Other courts hold that SSR 17-2p governs claims that were filed before March 27, 2017, but decided after that date, because HALLEX I-5-3-30 directs ALJs to cite SSR 17-2p, not SSR 96-6p, and indicates that "prior rules" include the new regulations because the new regulations incorporate policies from the "prior rules." *See Thomas o/b/o C.T. v. Berryhill*, No. 18-2467-TLP-tmp, 2019 WL 7580293, at *8–9 (W.D. Tenn. Nov. 7, 2019); *Balknight v. Comm'r*, No 18-11843, 2019 WL 4011843, at *26 (E.D. Mich. July 31, 2019); *Rhiana J. v. Saul*, No. 1:18-cv-03147-JRS-MPB, 2019 WL 4183974, at *5–6, n.7 (S.D. Ind. Sept. 4, 2019); *Richardson v. Saul*, No. 2:18-00468-N, 2020 WL 1276102, at *7, 8 n.13 (S.D. Ala. Mar. 17, 2020).

**B.     ANALYSIS**

HALLEX I-5-3-30 can certainly be read to support that either SSR 96-6p or SSR 17-2p applies to social security claims filed before March 27, 2017. Although both parties contend that SSR 17-2p applies to the instant case, the Court disagrees. Several sections of HALLEX I-5-3-30 intimate that the prior rules, including SSR 96-6p, apply to claims filed before March 27, 2017. First, HALLEX 1-5-3-30 indicates that the "SSA will apply most of these revisions only in claims filed on or after March 27, 2017." 2017 WL 1362776, at *2. Next, Section IV provides that "many of the most significant

changes for evaluating evidence will apply only to claims filed on or after March 27, 2017." *Id.* That SSR 17-2p eliminated SSR 96-6p's requirement to obtain a State medical expert opinion on the issue of medical equivalency certainly constitutes a "significant change" for evaluating evidence. Additionally, Section IV(F) provides that for "claim(s) filed before March 27, 2017, adjudicators must use the prior rules throughout the entire appeals process." *Id.* at *4. That "prior rules" would not include SSR 96-6p would render the "effective date" of SSR 17-2p meaningless because SSR 17-2p would then apply retroactively to any claim filed before March 27, 2017.

  Moreover, because Plaintiff's protected claim was filed on October 27, 2015 (Doc. # 16-6 at 2–7), 15 months before the effective date of SSR 17-2p, the Court finds it is only fair to apply the rules that were in effect prior to the ALJ's decision, and well after when Plaintiff filed her claim. For illustration, the parties' positions invite applying SSR 17-2p to a claim that may have been pending for several years before March 27, 2017, yet the decision on the claim was delayed until after March 28, 2017. That invitation perplexingly excuses an ALJ from failing to abide by his or her obligation to apply SSR 96-6p, which was in effect for the vast majority of time that the claim was pending, merely because the ALJ issued a decision after the "effective date" of SSR 17-2p. Logic and fairness dictate that such retroactive application of SSR 17-2p is unwarranted under the circumstances. Accordingly, the Court did not err in reviewing the ALJ's Step Three finding under SSR 96-6p.

However, given how long Plaintiff's claim has been pending, out of an abundance of caution, the Court will also review the ALJ's Step Three analysis under SSR 17-2p.

Under SSR 17-2p, an ALJ's finding as to medical equivalence at Step Three must still be supported by substantial evidence based on medical sources—even if the ALJ does not obtain a State medical expert opinion and relies on medical evidence pertinent to equivalency at Steps Four and Five. 2017 WL 3928306, at *4; 20 C.F.R. § 416.927(d)(2), (f)(2). Specifically, 20 C.F.R. § 416.927(f)(2) provides that the ALJ "generally should explain the weight given to opinions from these [medical sources] or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." Further, SSR 17-2p provides that ALJs need not articulate specific findings as to why medical equivalency is not met because "[a]n adjudicator's articulation of the reason(s) why the individual is or is not disabled at a later step in the sequential process will provide rationale that is sufficient for a subsequent reviewer or court to determine the basis for the finding about medical equivalence at step 3." 2017 WL 3928306, at *4. In other words, the ALJ's findings as to Steps Four and Five must still enable this Court to follow the [ALJ's] reasoning" in determining that Plaintiff's impairment was not the medical equivalent of Listing No. 5.06. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012); *see also Peak v. Comm'r*, No. 2019 WL 2420280, at *6, n.5 (E.D. Mich. May 23, 2019) (finding that even if SSR 17-2p applied, ALJ's analysis was insufficient because, "although the ALJ might no longer be 'required to articulate specific evidence'

supporting his finding regarding medical equivalence, such a finding still must be supported by substantial evidence in the record") (quoting SSR 17-2p), *affirmed and adopted*, 2019 WL 2417430, at *1 (E.D. Mich. June 10, 2019).

Upon reconsideration in the instant case, the Court considers whether the ALJ's findings as to Steps Four and Five show that his Step Three finding is supported by substantial evidence. "At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition listed in the appendix of the relevant disability regulation." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (quotation marks and citations omitted). This assessment includes whether a claimant's medical impairments, "singly or in combination, meet or medically equal one of the impairments set forth in the Commissioner's Listing of Impairments." *Thomas v. Colvin*, 69 F. Supp. 3d 1174, 1177–78 (D. Colo. 2014) (citing 20 C.F.R. Part 404, Subpart P, App. I). "The listings set forth medical criteria pursuant to which impairments of various bodily systems will be considered presumptively disabling." *Id.* (citing 20 C.F.R. § 404.1520(d)). If an impairment or combination of impairments is at least equal in severity and duration to the criteria in a listed impairment, medical equivalence can be found where the claimant does not have one or more of the findings specified in the Listing, but there are "other findings related to [the claimant's] impairment that are at least of equal medical significance to the required criteria." 20 C.F.R. § 404.1526(a), (b)(1)(i)–(ii).

As indicated in the Court's previous Order, the ALJ determined that Plaintiff had irritable bowel syndrome/ulcerative colitis ("IBS"), along with other impairments. (Doc. # 16-2 at 15–16.) Listing 5.06 sets forth that a claimant with inflammatory bowel disease ("IBD") attended by certain conditions is entitled to the presumption of a disability finding. 20 C.F.R. Part 404, Subpart P, App. I, § 5.06; *see also Thomas*, 69 F. Supp. 3d at 1177–78; 20 C.F.R. § 404.1520(d). Listing 5.06 provides:

> 5.06 Inflammatory bowel disease (IBD) documented by endoscopy, biopsy, appropriate medically acceptable imaging, or operative findings with:
>
> A. Obstruction of stenotic areas (not adhesions) in the small intestine or colon with proximal dilatation, confirmed by appropriate medically acceptable imaging or in surgery, requiring hospitalization for intestinal decompression or for surgery, and occurring on at least two occasions at least 60 days apart within a consecutive 6–month period[.][1]

20 C.F.R. Part 404, Subpart P, App. 1, Part A-1, § 5.06. However, with respect to Step Three, the ALJ also concluded that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1[.]" (*Id.* at 16.) Specifically, the ALJ wrote:

> Although the claimant has "severe" impairments, her impairments, considered individually and in combination, do not meet the criteria of any listed impairments described in Appendix 1 of the Regulations (20 CFR, Subpart P, Appendix 1). No treating or examining physician has identified findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are in the same or equivalent of those of any listed impairment.

---

[1] Although Listing 5.06(B) provides alternative conditions attending IBS that would entitle a claimant to a presumptive disability finding, Plaintiff does not argue that her impairments reflect or medically equate the conditions set forth in Paragraph B. Thus, the Court considers only Paragraph A.

10

(*Id.*)

The Commissioner contends that the Court failed to consider whether the ALJ's analysis at Steps Four and Five supported his Step Three finding. (Doc. # 26 at 4.) Plaintiff argues that the ALJ's findings at Steps Four and Five "fail to set forth substitute findings" for his Step Three findings. (Doc. # 27 at 5.) Moreover, she suggests that the ALJ's analysis failed to consider medical evidence, including the "history of multiple hospitalizations due to symptoms equivalent to those required in the Listing[,]" and that such medical evidence showed that Plaintiff's impairments were "medically equivalent to that Listing." (*Id.* at 4.) The Court agrees with Plaintiff.

The ALJ's Steps Four and Five findings are insufficient to either explain or demonstrate that his Step Three findings are supported by substantial evidence. As a preliminary matter, the ALJ fails to even mention Listing 5.06. (*Id.*) As such, it is unclear from the ALJ's Steps Four and Five findings as to whether the ALJ evaluated pertinent medical evidence for determining whether Plaintiff's IBS and series of hospitalizations amounted to the medical equivalent of Listing 5.06(a). Furthermore, Plaintiff provided medical evidence documenting a series of hospitalizations from 2016 and 2017 that occurred prior to the ALJ's December 11, 2017 decision. (Doc. # 16-8 at 66.) As the Court previously noted, these hospitalizations, which occurred on "at least two occasions at least 60 days apart within a consecutive 6–month period," involved abdominal pain and concerns of obstruction, which are arguably related to Plaintiff's IBS. 20 C.F.R. Part 404, Subpart P, App. 1, Part A-1, § 5.06; *see* (Doc. # 16-22 at 51–54; Doc. # 16-23 at 23–24; Doc. # 16-24 at 30–31; Doc. # 16-28 at 29–31; Doc. # 16-31

at 27–33, 46–47). However, at Steps Four and Five, the ALJ failed to cite Exhibits B12F (Doc. # 16-23 at 23–24), B20F (Doc # 16-28 at 29–31), and B29F (Doc. # 16-31 at 27–33, 46–47), all of which are medical records germane to the medical equivalency issue. That these exhibits reflect evidence pertinent to Step Three suggest that the ALJ should have more thoroughly considered the issue of medical equivalence as to Listing 5.06. *See Peak*, 2019 WL 2420280, at *6. Had the ALJ done so, "he at least arguably could have determined that [Plaintiff] medically equals" Listing No. 5.06. *Id.*

Finally, the Commissioner's reliance on the Response Brief does not substantiate the proposition that the ALJ's Steps Four and Five findings support his Step Three findings. *See* (Doc. # 21 at 7–19). The Commissioner's arguments and the ALJ's findings as to Steps Four and Five are restricted to discussion of medical evidence pertinent to residual functional capacity ("RFC") limitations and the availability of alternative jobs in the national economy based on those RFC limitations—both matters of which are wholly divorced from whether Plaintiff's impairments are the medical equivalent of Listing No. 5.06. *See* (Doc. # 21 at 10–19; Doc. # 16-2 at 16–23). If SSR 17-2p permitted ALJ's to make Step Three findings without referencing medical evidence related to the medical equivalency issue articulated in Steps Four and Five, Step Three, as a practical matter, would be rendered superfluous to the analysis. Such an effect would contravene the tenet that the ALJ's Step Three finding must still be supported by substantial evidence in the record. *Noreja v. Comm'r*, 952 F.3d 1172, 1177 (10th Cir. 2020); *see also Peak*, 2019 WL 2420280, at *6 n.5. Furthermore, if medical equivalency at Step Three is met, the ALJ need not address other factors that

are considered at Steps Four and Five.[2] So, too, is the contrapositive true—an ALJ's failure to address medical equivalency evidence at Steps Four and Five is insufficient to support that the medical equivalency at Step Three is not met. Unless the ALJ's Steps Four and Five findings contain or articulate substantial evidence that enable this Court "to determine the basis for the finding about medical equivalence at step 3", this Court has no means of determining whether the ALJ's Step Three findings are supported by substantial evidence. SSR 17-2p, 2017 WL 3928306, at *4. In the instant case, the ALJ's Steps Four and Five findings do not address medical evidence pertinent to the medical equivalency issue as to Listing No. 5.06. This Court "is neither required nor inclined to scour the record in an attempt to divine the specific basis for an ALJ's opinion" as to Step Three. *Romo v. Colvin*, 83 F. Supp. 3d 1116, 1121 n.4 (D. Colo. 2015); *see also Abdelmeged v. Colvin*, No. 14-cv-01643-REB, 2015 WL 5047645, at *6 (D. Colo. Aug. 26, 2015). In short, the ALJ's Steps Four and Five findings are inadequate to show that his Step Three findings were supported by substantial evidence.

---

[2] A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Morgan v. Colvin*, 68 F. Supp. 3d 1351, 1354–55 (D. Colo. 2014) (citing *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991)).