IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-02800-CMA

ABIGAIL ALYNN MCCARTHY,

    Plaintiff,

v.

ANDREW SAUL, Commissioner of Social Security,

    Defendant.

**ORDER GRANTING AWARD OF REASONABLE ATTORNEY FEES
UNDER THE EQUAL ACCESS TO JUSTICE ACT**

This matter is before the Court on Plaintiff Abigail Alynn McCarthy's Motion for Attorney Fees Under 42 U.S.C. § 406(b). (Doc. # 34). For the following reasons, the Court grants the Motion but orders that the previously ordered EAJA award be refunded to the Plaintiff.

## I.    BACKGROUND

In 2015, Plaintiff applied for Social Security disability benefits. Her application was denied, and the denial was affirmed by an administrative law judge (ALJ). Plaintiff appealed the ALJ's decision to this Court, and the Court reversed the denial of benefits and remanded the case for further proceedings. On remand, the ALJ awarded Social Security benefits to Plaintiff.

1

Plaintiff now seeks an award of attorney fees under the Social Security Act (SSA).

## II. APPLICABLE LAW

A prevailing claimant in a Social Security case can seek an award of attorney fees under two different statutes: the Equal Access to Justice Act (EAJA) and the Social Security Act (SSA). The EAJA provides for an award of fees to the claimant in cases where the Commissioner took position that was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). The EAJA is designed to "penalize the [Commissioner] for assuming an unjustified legal position," and provides for a fee award "paid out of agency funds." *Orner v. Shalala*, 30 F.3d 1307, 1309 (10th Cir.1994). EAJA fees are generally capped at $125 per hour. 28 U.S.C. § 2412(d)(2)(A).

SSA fees, by contrast, "satisfy a client's obligation to counsel, and, therefore, are paid out of the plaintiff's social security benefits." *Orner*, 30 F.3d at 1309. SSA fees are not capped at any particular hourly rate or dollar amount, but the fee requested must be "reasonable" and "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). While EAJA fees are awarded to the claimant, SSA fees are awarded to the claimant's attorney. *See* 28 U.S.C. § 2412(d)(1)(A) (fees awarded to "a prevailing party"); 42 U.S.C. § 406(b)(1) (providing for payment of approved fee out of past-due benefits).

A prevailing plaintiff in a Social Security case can seek fees under both the EAJA and the SSA. However, if counsel receives fees under both the EAJA and the SSA, counsel must refund the smaller of the two awards to the claimant. *See Gisbrecht v.*

*Barnhart*, 535 U.S. 789, 796 (2002); *McGraw v. Barnhart*, 450 F.3d 493, 497–98 (10th Cir. 2006).

### III.    ANALYSIS

Plaintiff recently received an award of $79,636.20 in past-due Social Security benefits. (Doc. # 34, ¶ 5). Her attorney was awarded $6,000 in fees for her work in the underlying administrative proceedings under 42 U.S.C. § 406(a). (Doc. # 34, ¶ 5). Plaintiff also received an award of $6,750.00 in attorney fees under the EAJA. (Doc. # 33). Plaintiff now requests an additional award of $13,908.93 in attorney fees: 25% of the past-due benefit award ($19,909.05), less the $6,000 she has already received under the SSA.[1] (Doc. # 34). Plaintiff's counsel represents that, if she receives the requested fee, she will refund Plaintiff the $6,750.00 EAJA award, in accordance with *Gisbrecht*, 535 U.S. 789. The Commissioner does not oppose Plaintiff's request, but he notes that Plaintiff's fee request amounts to an effective hourly rate of $413.96.

The Court finds that Plaintiff's fee request is reasonable. Plaintiff and her attorney agreed to a 25% fee in advance of litigation; that fee does not exceed the acceptable threshold under the SSA; and the fee is consistent with fees charged by other lawyers in similar cases. (Doc. # 34-3; Doc. # 34-4; Doc. # 36). Further, Plaintiff's counsel has provided this Court with a log of his hours worked on this case reflecting the time spent and tasks performed by counsel to obtain recovery for Plaintiff. (Doc. # 34-3). Based on

---

[1] The astute reader will note that this calculation is not quite accurate. $19,909.05 minus $6,000 equals $13,909.05, not $13,908.93. The source of this discrepancy is not clear from the briefing. However, because the difference is so minimal – twelve cents – and because the requested fee is still below the 25% threshold allowed by 42 U.S.C. § 406(b), the Court will not request additional briefing on the issue and will accept Plaintiff's fee request as-is.

3

this Court's review of these submissions and the applicable case law, the Court finds that the fee sought, which falls just within the 25 percent boundary, is reasonable for the services rendered. *See Gisbrecht*, 535 U.S. at 807 ("Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.").

However, the Court also finds that $6,750.00 in EAJA fees should be refunded to Plaintiff. On August 12, 2020, the Court awarded Plaintiff $6,750.00 in EAJA fees, which was apparently paid to counsel. (Doc. # 33; Doc. # 34, ¶ 10). Plaintiff's counsel is required to refund to Plaintiff the smaller amount of either an EAJA award or the amount awarded here. *See, e.g.*, *Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee."). Because the EAJA award is the smaller of the two awards, Plaintiff's counsel must refund $6,750.00 to Plaintiff.

## IV.     **CONCLUSION**

For the foregoing reason, the Court GRANTS Plaintiff's Motion for Attorney Fees (Doc. # 34) and awards Plaintiff attorney fees in the amount of $13,908.93 pursuant to 42 U.S.C. § 406(b). Accordingly, it is

ORDERED that the Commissioner of Social Security pay Plaintiff's attorney, $13,908.93 from the funds previously withheld for the payment of attorney's fees. It is

FURTHER ORDERED that Plaintiff's counsel refund to Plaintiff $6,750.00, the amount of the EAJA fee award.

DATED: May 20, 2021

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge